**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MARKISE D. AMERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-707-O** |
| | § | |
| **OFFICER M. SCOTT,** | § | |
| **ET AL.,** | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Defendant Officer Kevon Ferguson to dismiss. The Court, having considered the motion, the response of Plaintiff, Markise D. Amerson, the reply, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

## I. BACKGROUND

The operative pleading is Plaintiff's amended complaint. ECF No. 8. In it, Plaintiff identifies as Defendants Officer M. Scott, Officer Ferguson, and an unknown correctional officer. *Id.* at 2. Plaintiff alleges: On December 21, 2025, while Plaintiff was a pretrial detainee at the Tarrant County Jail, Officer Scott struck him in the face and mouth two times with a closed fist. *Id.* at 4. As a result, Plaintiff suffered a chipped tooth, bleeding inside his mouth, cuts to the gums, swollen lips, headaches, pain, and emotional distress. Officer Scott called for assistance and two additional officers responded. They grabbed his arms, forcing them behind his back, and pushed Plaintiff against a wall and bench in the hallway. Plaintiff screamed that they were hurting him and breaking his arms. He suffered a cut to his right arm and additional pain from the incident. He requested medical attention but did not receive adequate treatment. He filed a grievance and Officer Scott's conduct was found to be unprofessional. *Id.* at 6.

## II. GROUNDS OF THE MOTION

Officer Ferguson maintains that Plaintiff has failed to plead sufficient facts to state a plausible claim against him. Further, Plaintiff cannot overcome Officer Ferguson's entitlement to qualified immunity.

## III. APPLICABLE LEGAL STANDARDS

### A. Pleading

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). *Id.* at 676; *Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020).

To survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely

consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Dismissal is appropriate under Rule 12(b)(6) if "the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

**B. Qualified Immunity**

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S.

335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Green v. Thomas*, 129 F.4th 877, 883 (5th Cir. 2025); *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

**C. Excessive Force**

The Eighth Amendment proscribes cruel and unusual punishments, which the Supreme Court has interpreted to include use of excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). In the case of a pretrial detainee, an objective standard applies. *Id.* That is, the pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable. *Id.* The court makes this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not in hindsight. *Id.* Further, the court must defer to policies and practices that in the judgment of jail officials are needed to preserve order and discipline and maintain institutional security. *Id.* Factors that bear on the reasonableness of the force include

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

To prevail on an excessive force claim, a plaintiff must establish: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). The asserted injury must be more than *de minimis* and must be evaluated in the context in which the force was applied. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

**IV. ANALYSIS**

Officer Ferguson is correct that he is only named once in the amended complaint when Plaintiff identifies him as "Defendant No. 2" and a "backup officer." ECF No. 8 at 2. He is not named again in the amended complaint. "Defendant No. 3" is an unknown correctional officer, also described as "backup officer." *Id.* In his "Statement of Claim" and additional added page, Plaintiff alleges that after Officer Scott struck him in the face and mouth, he called for assistance and two additional correctional officers responded. *Id.* at 6, 7. The only plausible interpretation is that Officer Ferguson and the unidentified officer are the two who responded. The only allegations against the two are:

> 6. The responding officers grabbed Plaintiff's arms, forced them behind his back, twisted and jerked his arms, and pushed Plaintiff against a wall and a bench in the hallway.
> 7. Plaintiff told the officers that they were hurting him and screamed that they were breaking his arms, but the force continued.
> 8. Plaintiff suffered a cut to his right arm and additional pain from the incident.

*Id.* at 6. In the additional statement, he adds, with regard to the two:

> Additional officers then arrived as backup. These officers forcibly pulled my arms behind my back, twisted my wrists and arms, and shoved me into a wall and a bench

> in the hallway. I repeatedly screamed that they were breaking my arms, but they continued applying force. The officers escorted me to a holding room while continuing to apply pressure to my wrists, arms, and shoulders, causing severe pain.
>
> At the time, I informed the officers that I had an existing ligament injury in my right arm. Despite my complaints of pain and injury, the officers continued to apply force.

*Id.* at 7. The amended complaint cannot logically be interpreted to allege that Officer Ferguson did anything more.

As alleged, the amended complaint fails to state a plausible claim against Officer Ferguson or the unknown officer for excessive use of force. In particular, he has not alleged more than a *de minimis* injury. *See Havens v. Sheriff's Dep't of Aransas Cnty.*, No. 2:24-CV-00283, 2025 WL 2984608, at *10 (S.D. Tex. May 27, 2025) (citing cases), *rep. & rec. adopted*, 2025 WL 2960029 S.D. Tex. Oct. 17, 2025). Even if he had, he has not pleaded facts to show that it would have been clear to every reasonable officer that his actions violated Plaintiff's constitutional rights in the situation he confronted. Thus, Officer Ferguson and the unidentified officer are entitled to qualified immunity.

In his response, Plaintiff includes new facts, alleging that:

> While Plaintiff was already handcuffed, Ferguson aggressively twisted Plaintiff's arms, wrenched Plaintiff's shoulders, bent Plaintiff's neck, and forced Plaintiff against the wall and hallway bench. Ferguson pulled and tugged on Plaintiff's arms upward and behind his back as far as they would go.

ECF No. 15 at 2. In ruling on a motion to dismiss, however, the Court considers only the well-pleaded facts in the complaint, not new factual allegations made in a response. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

Plaintiff alternatively seeks leave to amend his complaint for the third time. ECF No. 15 at 6. He has not submitted a proposed amended complaint as required by LOC. CIV. R. 15.1(a). No

purpose would be served by allowing an amendment to add the facts alleged in the response to the motion to dismiss. Plaintiff still has not alleged more than a *de minimis* injury. And, he has not pleaded facts to show that every officer would have known that what he was doing violated Plaintiff's constitutional rights. An amendment is futile if it would not survive a motion to dismiss. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368 378 (5th Cir. 2014).

## V. CONCLUSION

For the reasons discussed, Plaintiff's alternative motion to amend is **DENIED**; the motion to dismiss is **GRANTED**; and Plaintiff's claims against Officer Ferguson and the unknown officer are **DISMISSED** with prejudice.

The Court determines that there is no just reason for delay in, and hereby **DIRECTS**, entry of final judgment as to the dismissal of the claims against Officer Ferguson.

**SO ORDERED** this **17th day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE